Roy S. Bennett, Jr. Lake Quivira City Attorney 11125 Johnson Drive, Suite A P.O. Box 3205 Shawnee, Kansas 66203
Dear Mr. Bennett:
You request our opinion concerning whether a law enforcement officer may stop and inquire of a person who appears to be violating a regulation of a private homes' association when such is not also a violation of state or municipal law. You indicate that most of the streets in the City of Lake Quivira are owned by the Quivira Homes Association which has adopted certain regulations governing the operation of golf carts. You inquire whether a city law enforcement officer may stop a person and make inquiry regarding a possible violation of the golf cart regulation and then convey that information to the Homes Association.
Whenever a law enforcement officer stops an individual and restrains his or her freedom to walk away, the officer has "seized" that person under the Fourth Amendment to the United States Constitution regardless whether the seizure eventuates in a trip to the police station and prosecution for a crime:[1]
 "No right [to be free from unreasonable seizures] is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law. [Unquestionably], petitioner was entitled to the protection of the Fourth Amendment as he walked down the street in Cleveland."[2] (Emphasis added.)
K.S.A. 22-2402 codifies the Terry v. Ohio ruling and provides, in part:
 "(1) Without making an arrest, a law enforcement officer may stop any person in a public place whom such officer reasonable suspects is committing, has committed or is about to commit a crime and may demand of the name, address of such suspect and an explanation of such suspect's actions." (Emphasis added.)
A "crime" is defined as "an act or omission defined by law and for which, upon conviction, a sentence of death, imprisonment or fine . . . is authorized."[3] (Emphasis added.) Clearly, a law enforcement officer may stop an individual only if the officer suspects that some crime has occurred or is about to occur. Therefore, it is our opinion that a law enforcement officer has no authority to stop a person and make inquiry concerning a possible violation of a regulation of a private homes association unless the officer suspects that such individual has violated or is about to violate a state law or a municipal ordinance.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] Terry v. Ohio, 392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868
(1968).
[2] Id. at 20 L.Ed.2d 898-899.
[3] K.S.A. 1998 Supp. 21-3105.